FILED
2/27/24 2:12 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 19-21621-GLT |
| Scott A. Marx | : | Chapter 13 |
|     Debtor | : | Doc. No. ____ |
| Scott A. Marx | : | |
|     Movant | : | Response: 2/22/2024 |
| | : | Hearing: March 13, 2024 |
|     Movant | : | at 10:30 a.m. |
|     v. | : | |
| Planet Home Funding, LLC | : | |
| Ronda J. Winnecour, Chapter 13 Trustee | : | Related to Docket No. 175 |
|     Respondent | : | |

**ORDER OF COURT ON DEBTOR'S MOTION TO APPROVE LOAN
MODIFICATION CONCERNING REALTY KNOWN AS
711 GALLION AVENUE PITTSBURGH, PA 15226**

AND NOW, this 27th Day of February, 2024, upon consideration of the Motion for Approval of a Loan Modification Concerning Realty known as 711 Gallion Avenue Pittsburgh, PA 15226 it is hereby ORDERED, ADJUDGED, and DECREED that the Movants and Respondent are permitted to Modify the existing Note and Mortgage, as dated December 1, 2005, in favor of Planet Home Lending, LLC, Mortgage recorded in the Office of the Recorder of Deeds of Allegheny County on December 27, 2025 at Book M, Volume 31283, Page 361, subject to the terms set forth in the attached modification agreement.

BY THE COURT:

_____
Chief Judge Gregory L. Taddonio
U.S. Bankruptcy Judge

dts

# ENTERED BY DEFAULT

This Document Prepared By:
**MICHAEL SCHMIDT**
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**
**(855) 884-2250**

When Recorded Mail To:
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**

Tax/Parcel #: 62-S-200
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| **Original Principal Amount: $41,000.00** | **Investor Loan No.: 2000009986** |
| **Unpaid Principal Amount: $46,280.26** | **Loan No: 2000009986** |
| **New Principal Amount: $61,269.81** | |
| **Capitalization Amount: $14,989.55** | |

# LOAN MODIFICATION AGREEMENT (MORTGAGE)
(Providing for Fixed Interest Rate with Balloon Payment)

This Loan Modification Agreement ("Agreement"), made this **25TH** day of **JANUARY, 2024**, between **SCOTT A. MARX, INDIVIDUALLY** ("Borrower") whose address is **711 GALLION AVE, PITTSBURGH, PENNSYLVANIA 15226** and **PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL**

ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1

("Lender"), whose address is **120 ERIE CANAL DR SUITE #240, ROCHESTER, NY 14626**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **DECEMBER 1, 2005** and recorded on **DECEMBER 27, 2005** in **INSTRUMENT NO. 2005-155719    BOOK 31283    PAGE 361**, of the **OFFICIAL** Records of **ALLEGHENY COUNTY, PENNSYLVANIA**, and (2) the Note **bearing the same date as**, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**711 GALLION AVE, PITTSBURGH, PENNSYLVANIA 15226**
(Property Address)

the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

### A. RENEWAL AND EXTENSION OF LIEN

It is the intention of the Borrower and Lender that the lien of the Security Instrument shall secure the debt evidenced by this Refinancing Instrument and that the Security Instrument hereby shall be renewed and extended, as of the Refinancing Date, so long as required to secure such debt until it is paid in full. In connection with the foregoing:

(i) The Maturity Date of the debt evidenced by this Refinancing Instrument is set forth in Section D.3(A), below.

(ii) Lender is expressly subrogated to all rights with respect to the Property, prepayment, and acceleration to which the holder of the Balloon Note was entitled by reason of the Security Instrument.

(iii) In the event that any portion of the debt evidenced by this Refinancing Instrument cannot be lawfully secured by the Security Instrument as so renewed and extended, principal payments shall be applied first to that portion not so secured.

(iv) Borrower acknowledges that the lien securing the Balloon Note is hereby renewed and extended, amended as provided immediately below, and is in full force and effect until the debt evidenced by this Refinancing Instrument is paid in full.

### B. AMENDMENT OF THE SECURITY INSTRUMENT

All of the terms of the Balloon Rider are cancelled, null, and void as of the Refinancing Date.

**C. CO-GRANTOR LIABILITY**

Any party that signs below as a "Co-grantor" did not execute the Balloon Note but signs below to grant and convey, under the terms of the Security Instrument, such interest as that party may have in the Property. Such party is not personally obligated to pay the debt evidenced by this Refinancing Instrument and secured by the Security Instrument (as renewed, extended, and amended hereby), and agrees that Lender and Borrower may agree to extend, modify, forbear or make any accommodations with regard to such debt or the Security Instrument (as renewed, extended, and amended hereby) without such party's consent.

1. As of, **FEBRUARY 1, 2024**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$61,269.81**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **6.5000%** from **FEBRUARY 1, 2024**, and Borrower promises to pay monthly payments of principal and interest in the amount of U.S. **$358.71** beginning on the **1ST** day of **MARCH, 2024**. The new Maturity Date will be **SEPTEMBER 1, 2052**.



| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest | Monthly* Escrow Payment | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-343 | 6.5000% | 02/01/2024 | $358.71 | $193.19 May adjust periodically | $551.90 May adjust periodically | 03/01/2024 | 343 |
| Balloon | 6.5000% | N/A | $34,799.88 which is an estimated amount | | | 09/01/2052 | 1 |

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security

Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt**

7. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue



Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

In Witness Whereof, I have executed this Agreement.

_Scott G. M—_    2/1/24
Borrower: SCOTT A MARX    Date

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of PENNSYLVANIA
County of Allegheny

This record was acknowledged before me on February 1 2024 (date) by SCOTT A MARX (name(s) of individual(s)).

_____ This notarial act involved the use of communication technology.

(Stamp)

_Melinda S Perry_
Signature of notarial officer

Melinda S Perry
Printed Name and Title of office

My commission expires: 8/20/2027

Commonwealth of Pennsylvania - Notary Seal
Melinda S. Perry, Notary Public
Allegheny County
My commission expires August 20, 2027
Commission number 1262941
Member, Pennsylvania Association of Notaries

Planet Home Lending Private 3179 12012023_474
Page 7

2000009986

In Witness Whereof, the Lender has executed this Agreement.

**PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1**

By **Stephanie L Fox NMLS #1641956**   (print name)                                Date
   **Director Portfolio Management**     (title)

_____[Space Below This Line for Acknowledgments]_____

State of NEW YORK
                              SS:
County of MONROE

On the _____ day of _____ in the year _____ before me, the undersigned, personally appeared **STEPHANIE L FOX NMLS #1641956**, the **DIRECTOR PORTFOLIO MANAGEMENT**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ This remote notarial act involved the use of communication technology.

CARIE SCIABICA, Notary Public

My commission expires: 08/06/2026

EXHIBIT A

BORROWER(S): SCOTT A. MARX, INDIVIDUALLY

LOAN NUMBER: 2000009986

LEGAL DESCRIPTION:

The land referred to in this document is situated in the CITY OF PITTSBURGH, COUNTY OF ALLEGHENY, STATE OF PENNSYLVANIA, and described as follows:

ALL THAT CERTAIN LOT OR PIECE OF GROUND SITUATE IN THE 19TH WARD OF THE CITY OF PITTSBURGH, COUNTY OF ALLEGHENY AND STATE OF PENNSYLVANIA, BEING TWO CERTAIN LOTS NUMBERED 1127 AND 1128 IN THE BROOKLINE 2ND PLAN WHICH IS RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS IN PLAN BOOK VOLUME 23, PAGES 34 AND 35, SAID LOTS TOGETHER FRONTING 65 FEET ON THE NORTHEASTERLY SIDE OF GALLION AVENUE AND HAVING A DEPTH OF 142.8 FEET TO A 15 FOOT ALLEY.

BEING KNOWN AND NUMBERED AS 711 GALLION AVENUE, PITTSBURGH, PA 15226.

BEING DESIGNATED AS BLOCK & LOT NO. 62-S-200 IN THE DEED REGISTRY OFFICE OF ALLEGHENY COUNTY, PENNSYLVANIA.

Source of Title: INSTRUMENT NO. 2005-43687 DEED BOOK 12702, AT PAGE(S) 519

ALSO KNOWN AS: 711 GALLION AVE, PITTSBURGH, PENNSYLVANIA 15226

Date: JANUARY 25, 2024
Loan Number: 2000009986
Lender: PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1

Borrower: SCOTT A MARX

Property Address: 711 GALLION AVE, PITTSBURGH, PENNSYLVANIA 15226

## NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    2/1/24
Borrower                              Date
SCOTT A MARX

12012023_474
Page 10


2000009986

Date: JANUARY 25, 2024
Loan Number: 2000009986
Lender: PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1

Borrower: SCOTT A MARX

Property Address: 711 GALLION AVE, PITTSBURGH, PENNSYLVANIA 15226

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_Scott A. M---f_             2/1/24
SCOTT A MARX                          Date

12012023_474                 2000009986

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
LOAN MODIFICATION AGREEMENT (MORTGAGE)

## BETWEEN:
SCOTT A MARX (assignor/Mortgagor/grantor)

## AND:
PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1
(assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
PLANET HOME LENDING LLC, AS SERVICER FOR, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-1

120 ERIE CANAL DR SUITE #240
ROCHESTER, NY 14626

*By:* _____

*Print Name:* _____

*Title:* _____


2000009986

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-21621-GLT |
| Scott A. Marx | Chapter 13 |
| Debtor | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Feb 27, 2024 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 29, 2024:**

**Recip ID        Recipient Name and Address**
db              + Scott A. Marx, 711 Gallion Avenue, Pittsburgh, PA 15226-1630

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 29, 2024            Signature:            /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 27, 2024 at the address(es) listed below:

**Name**                 **Email Address**

Bryan P. Keenan
on behalf of Debtor Scott A. Marx keenan662@gmail.com
melindap662@gmail.com;keenan.bryanp.r106644@notify.bestcase.com;ciennal662@gmail.com

Denise Carlon
on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper dcarlon@kmllawgroup.com

Elizabeth K. Holdren
on behalf of Creditor Wilmington Trust National Association. not in its Individual capacity, but solely as Trustee for MFRA Trust 2015-1 eholdren@hillwallack.com, eholdren@ecf.courtdrive.com;hwbknj@hillwallack.com

Jeffrey R. Hunt
on behalf of Creditor Pittsburgh Water & Sewer Authority jhunt@grblaw.com

Jeffrey R. Hunt
on behalf of Creditor City of Pittsburgh & School District of Pittsburgh jhunt@grblaw.com

| | |
|---|---|
| Kaitlin Shire | on behalf of Creditor Planet Home Lending  LLC. kshire@hillwallack.com, lharkins@ecf.courtdrive.com;hwbknj@hillwallack.com;aemberger@ecf.courtdrive.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;jdryer@bernsteinlaw.com;kebeck@ecf.courtdrive.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |
| S. James Wallace | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com |
| Stephen Russell Franks | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper amps@manleydeas.com |
| William E. Craig | on behalf of Creditor Credit Acceptance Corporation wcraig@egalawfirm.com mhazlett@mortoncraig.com;mortoncraigecf@gmail.com |

TOTAL: 12